IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Irving "Ernie" Ramirez, | ) | C/A No.: 1:14-3217-TMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Anderson County Sheriff's Office, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Irving "Ernie" Ramirez ("Plaintiff") filed this action against the Anderson County Sheriff's Office ("Defendant") on July 11, 2014, in Court of Common Pleas for Anderson County, South Carolina, asserting claims of malicious prosecution and violation of his civil rights pursuant to 42 U.S.C. § 1983. [ECF No. 1-1]. On August 11, 2014, Defendant removed the case to this court. [ECF No. 1]. This matter is before the court on Defendant's motion for summary judgment [ECF No. 18]. The motion having been fully briefed [ECF Nos. 19, 20], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for review by the district judge. For the following reasons, the undersigned recommends Defendant's motion for summary judgment [ECF No. 18] be granted as to Plaintiff's § 1983 claim and remanded as to his malicious prosecution claim.

I.   Factual Background

On November 4, 2009, Defendant obtained arrest warrants for Plaintiff and Matthew Fullbright for armed robbery, criminal conspiracy, and o the murders of Homer and JoAnn Staton, armed robbery, and criminal conspiracy. ECF No. 18-3; Pl. Dep. 110:16–18. Plaintiff was arrested the same day. *Id*. Plaintiff claims he was incarcerated without bond for over a year but that he was never indicted by the grand jury. [ECF No. 19 at 1; ECF No. 1-1 at ¶ 10].

On January 27, 2012, Fullbright was convicted of the crimes. [ECF No. 19-1]. The charges against Plaintiff were dismissed on August 2, 2012. *Id*. The solicitor's office for the Tenth Judicial Circuit of South Carolina issued a press release stating:

> Ramirez' arrest was based solely on the written confession of Matthew Fullbright. At Fullbright's trial, investigators with the Anderson County Sheriff's Office testified that Fullbright's confession as it relates to Ramirez' involvement in the robbery and murders could not be proven. In fact, the evidence obtained from phone records proved that Ramirez was not involved in the murders. Also, no physical evidence exists to tie Ramirez in any way to these crimes. Ramirez has provided written statements denying any knowledge and/or involvement in these crimes and all evidence supports his claim. The evidence points to Matthew Fullbright acting alone when he robbed and murdered Homer and JoAnn Staton. Therefore, the charges against Irving "Ernie" Ramirez have been dismissed.

*Id*. Plaintiff claims that Defendant arrested him without probable cause.

II.  Discussion

   A.   Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of

demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.     Analysis

1.     Federal Claim Pursuant to § 1983

Defendant first argues that it is not a "person" subject to suit pursuant to § 1983. Specifically, Defendant argues that a "municipality is not liable under § 1983 unless the alleged violation is based on a governmental policy or custom" and cites *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) for support. [ECF No. 18-1 at 2]. However, Defendant is not a municipality.

Defendant is a county sheriff's department and sheriff's departments in South Carolina are considered alter egos or arms of the state. *See Gulledge v. Smart*, 691 F.Supp. 947, 954–55 (D.S.C. 1988) (discussing sheriff as agent and alter ego of state and that deputy sheriffs act as the sheriff's agent), *aff'd*, 878 F.2d 379 (4th Cir. 1989); *Carroll v. Greenville County Sheriff's Dep't*, 871 F.Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the state); S.C. Code Ann. § 23-13-550. As an arm of the state, Defendant is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."); *Davis v. S.C. Dep't of Corrections*, No. 0:13-2790-TMC-PJG (D.S.C. Nov. 3, 2014), *report and recommendation adopted* (D.S.C. Nov. 21, 2014). The Supreme Court has indicated that the "no person" defense discussed in *Will* is not waivable. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997).[1]

---

[1] Although not applicable to the instant case, state officers are subject to § 1983 liability for damages in their personal capacities, even when the conduct in question relates to

4

Additionally, because the State of South Carolina has not waived its immunity from suit in state court for § 1983 claims, Defendant's voluntary removal of this case to federal court has not, in this instance, effected a waiver of the state's immunity from suit for these claims. *See Stewart v. North Carolina*, 393 F.3d 484, 490 (4th Cir. 2005) (holding that the state did not waive sovereign immunity by voluntarily removing the action to federal court for resolution of the immunity question); *see also* S.C. Code Ann. § 15-78-20(e); *Briggs v. S.C. Dept. of Corrections*, No. 9:13-CV-1348-RMG, 2014 WL 1278173, at *11 (D.S.C. Mar. 27, 2014) ("[S]ince the State of South Carolina has not waived its Eleventh [Amendment] immunity from suit in state court for federal constitutional claims, the Defendants' voluntary removal of this case to federal court has not effected a waiver of the State's immunity from suit for these claims."); *cf. Lapides v. Bd. of Regents*, 535 U.S. 613, 622 (2002) (holding that a State that voluntary invokes the jurisdiction of the federal court waives immunity to claims in which it has consented to suit in its own courts ).

Therefore, the undersigned recommends Defendant's motion for summary judgment be granted as to Plaintiff § 1983 claim.

2. Malicious Prosecution Claim

Plaintiff's claim of malicious prosecution, however, remains a viable claim, as South Carolina has waived its sovereign immunity in its own courts for a claim of malicious prosecution. *See McBride v. School Dist. of Greenville County*, 698 S.E.2d 845, 855 (S.C. Ct. App. 2010) (finding that a claim of malicious prosecution was not

---

their official duties. *Hafer v. Melo*, 502 U.S. 21, 25–31 (1991).

barred by the South Carolina Tort Claims Act). In light of the recommendation that the Defendant's motion for summary judgment be granted as to Plaintiff's federal claims, the undersigned recommends that the court exercise its discretion to remand the state law claims. *See* 28 U.S.C. § 1367(c) (authorizing a district court to decline to exercise jurisdiction over a supplemental claim if the court has dismissed all claims over which it had original jurisdiction); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50 (1988) (discussing the factors in deciding whether to exercise supplemental jurisdiction after removal); *see also United States ex rel. Scott v. Metropolitan Health Corp.*, 375 F.Supp.2d 626, 647 (W.D. Mich. 2005) ("[T]he strong federal custom . . . has been to dismiss those claims in order to permit state courts to decide their own law, as is their prerogative.").

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendant's motion [ECF No. 18] be granted as to Plaintiff's § 1983 claim and that the court decline to exercise supplemental jurisdiction over the remaining state law claim and remand the case to the Anderson County Court of Common Pleas.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 25, 2016                                    Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).